[Civ. No. 2504.   First Appellate District, Division One.—April 11, 1919.]

In the Matter of the Accusation of BAR ASSOCIATION OF SAN FRANCISCO v. CLIFFORD McCLELLAN.

[1] ATTORNEY AND CLIENT—COLLECTION OF MONEY DUE CLIENT—DUTY OF ATTORNEY.—It is the plain duty of an attorney to notify his client with reasonable diligence of the collection by him of money due his client, and to promptly pay over the same upon the settlement of his fee, and in no case is he warranted in falsely stating that the money has not been received.

[2] ATTORNEY AT LAW—UNPROFESSIONAL CONDUCT—DISBARMENT.—In this disbarment proceeding the conduct of the accused, although it amounted to a gross neglect to fulfill his obligation to his client, and constituted unprofessional conduct, was not such as to call for disbarment.

PROCEEDING to disbar an attorney at law.   Accusation dismissed.

The facts are stated in the opinion of the court.

Frank S. Brittain, Nathan Moran and Bert Schlesinger for Petitioner.

Edward Lande for Respondent.

THE COURT.—This is a proceeding instituted by the Bar Association of San Francisco for the disbarment of Clifford McClellan, an attorney and counselor at law.

The accusation contains three separate charges:

(1) That the accused misappropriated funds belonging to his client in the course of professional employment.

(2) Willful concealment and denial on his part of the moneys collected.

(3) The making of a false and fraudulent claim to a portion of the money received.

The accused denied all the charges.

The evidence presented upon the first and third counts of the accusation is voluminous.   Under it a conflict exists which should be resolved in favor of the accused.   No useful purpose, therefore, would be subserved by narrating or closely analyzing it.

In support of the second count, however, and the one mainly relied upon for the penalty sought to be imposed, the evidence shows that the accused was employed by one Elizabeth Douglas, a widow, to collect the proceeds of an insurance policy on the life of her deceased husband.   Payment of the policy was at first refused by the insurance company, but finally the accused received a check in settlement of the claim for the sum of $1,189.75.   The check was received by him on November 20, 1917, and he deposited the same in his personal bank account, but failed to advise his client that he had received payment until some two months later, when demand was made upon him for a settlement after his client had received information that the claim had been paid.   The demand was made by attorneys employed by Mrs. Douglas, and a settlement was had between them and the accused, whereupon the amount agreed upon was paid, which amount, Mrs. Douglas testified, was satisfactory to her.

Accused does not deny that he failed to advise his client of the receipt of the money, but he seeks to justify his tardiness in turning over the amount on the ground that his accounts with her were confused, and that he was ignorant of the exact amount to which he was entitled, and that the stress of business prevented him from informing himself upon the subject.   There is also testimony to the effect that the accused informed his client that he had not collected the money at a time when it was in his possession.   This the accused denies.   It is true that the accused was entitled to a portion of the fund collected as compensation for his services, the amount of which had not been definitely fixed and determined. While the retention of this portion was justified, it did not free him from his duty of advising his client that the collection had been made.   [1]   It is the plain duty of an attorney to notify his client with reasonable diligence of the collection by him of money due his client, and to promptly pay over the same upon the settlement of his fee, and under no circumstances is he warranted in falsely stating that the money has not been received.

[2]   The conduct of the accused is blameworthy for its laxity in this particular; yet we do not feel from a careful review of the evidence that it calls for the drastic measure of disbarment.   His delay, however, as shown by the evidence, was a gross neglect to fulfill his obligation, and constituted unprofessional conduct, which calls for the censure of this court.   It is to be hoped that the bringing of these proceedings by the Bar Association of San Francisco, prompted by a high sense of duty, may prove a warning to the accused, and cause him to so acquit himself in the future as to avoid the slightest appearance of infidelity to professional duty.

The accusation is dismissed.